UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUEST NETTECH CORPORATION,

    Plaintiff,

v.                                            Case No. 8:11-cv-02102-EAK-AEP

TROPICAL SMOOTHIE
FRANCHISE DEVELOPMENT
CORPORATION,

    Defendant/Counterclaimant/
    Third-Party Plaintiff,

v.

THE ZIMMERMAN AGENCY, LLC

    Third-Party Defendant.
_____/

### ORDER ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Third-Party Defendant, Zimmerman Agency LLC's ("Zimmerman") Motion to Dismiss Third-Party Complaint or in the Alternative to Stay Third-Party Action, (Dkt. 77), and Third-Party Plaintiff, Tropical Smoothie Franchise Development Corporation's ("Tropical Smoothie") response thereto (Dkt. 79). For the reasons set forth below, Zimmerman's Motion to Dismiss Third-Party Complaint or in the Alternative to Stay Third-Party Action is **DENIED**. The following facts, gleaned from Tropical Smoothie's Third Party Complaint, (Dkt. 71), are taken as true for the purposes of this motion.

### BACKGROUND

Defendant and Third-Party Plaintiff, Tropical Smoothie, brings an indemnity action against Zimmerman, triggered by an underlying patent infringement lawsuit brought by Quest

NetTech Corporation (Quest) against Tropical Smoothie. Quest is a Texas corporation with its principal place of business in New York. Defendant, Tropical Smoothie, is a Florida corporation with its principal place of business in Florida. Zimmerman is a Delaware limited liability company with its principal place of business in Florida. Tropical Smoothie entered into an agreement with Zimmerman on June 1, 2010. (Dkt. 71, ¶ 8). The agreement indicates that Zimmerman would provide advertising and digital/interactive services for Tropical Smoothie. (Dkt. 77, Ex. A ¶ 1). The contract provides that Zimmerman would, among other things, develop projects and prepare materials, goods, and services to complete projects; produce creative elements; and design, develop, manage and execute digital projects and assignments. (Dkt. 77 ¶ I(a-j)). Zimmerman subsequently provided to and operated http://www.summerofwinter.com for Tropical Smoothie's use in its advertising campaign. (Dkt. 71, ¶ 7–8).

Quest has filed suit against Tropical Smoothie, alleging that it is the sole and exclusive owner by assignment, of United States Patent No. 5,508,731, (the '731 Patent) (Dkt. 11, ¶ 10), and that Tropical Smoothie directly and indirectly infringed one or more claims of the patent by operating the online sweepstakes website http://www.summerofwinter.com with knowledge of the '731 patent. (Dkt. 11, ¶ 23–25). The agreement between Tropical Smoothie and Zimmerman contains an indemnification provision, (Dkt. 77, Ex. 1, ¶ VIII(a)), and subject to this provision, Zimmerman is obligated to defend, fully indemnify and hold harmless Tropical Smoothie against claims resulting from the Zimmerman agency's provision of goods and services under the agreement. (Dkt. 71, ¶ 8). The relevant indemnification provision follows:

    VIII. Indemnification
    a. AGENCY [Zimmerman] shall indemnify, defend and hold harmless CLIENT [Tropical Smoothie] from and against all claims, damages, liabilities, costs and expenses including attorney's fees arising out of negligence, misconduct, or breech [sic] of this agreement by AGENCY [Zimmerman].

In February, 2012, Tropical Smoothie notified Zimmerman of the patent infringement claim asserted by Quest, and Zimmerman refused to defend and indemnify Tropical Smoothie. (Dkt. 71, ¶ 8).

Based on the foregoing, Tropical Smoothie now brings a single-count complaint alleging that, both under the contractual agreement dated June 1, 2010, and/or pursuant to Florida Statute § 672.312(3) (2011), Zimmerman is obligated to defend, fully indemnify and hold harmless Tropical Smoothie against claims resulting from Zimmerman's provision of goods and services under the parties' contractual agreement. (Dkt. 71, ¶ 8). Tropical Smoothie prays for judgment against Zimmerman for all sums that may be adjudged against Tropical Smoothie, judgment against Zimmerman for all attorney's fees and costs incurred by Tropical Smoothie in defending against Quest's patent infringement claim, and other relief deemed appropriate by the Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint lay out a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 573 (2007) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (2007) (internal quotation marks omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombley*, 550 U.S. at 570). In considering a motion to dismiss, courts follow a simple, two pronged approach: "1)

eliminate any allegations in a complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In sum, the "pleadings standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombley*, 550 U.S. at 555).

The Court has discretion to grant a motion to stay. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). The Court will base this determination on the facts produced, judicial economy, whether lack of a stay would place an irreparable harm on the Third-Party Defendants, and whether there is a clear and substantial reason to grant a stay. *Tri-City Elec. Contractors, Inc., v. Suitt Const.*, 1994 WL 652761 (M.D. Fla. 1994). The Court will view the motions to stay in the light most favorable to the non-moving party. *Id.*

## DISCUSSION

Zimmerman moves to dismiss Tropical Smoothie's complaint for failure to state a claim for which relief can be granted on two grounds. First, Zimmerman argues that Tropical Smoothie failed to allege that Zimmerman was negligent, engaged in misconduct, or breached the agreement regarding the *Summer of Winter* campaign (Dkt. 77 at 6) and, therefore, failed to state facts sufficient to trigger Zimmerman's obligation to indemnify Tropical Smoothie. Second, Zimmerman argues that the statutory basis for indemnification cited by Tropical Smoothie does

not apply. (Dkt. 77 at 8–9). Alternatively, Zimmerman moves to stay Tropical Smoothie's complaint until the underlying patent infringement claim is resolved (Dkt. 77 at 9–11).

This Court will first address the fact that Tropical Smoothie did not include a copy of the contractual agreement as part of its complaint even though the agreement forms the basis of its requested relief. Generally, in determining a motion to dismiss, the Court "do[es] not consider anything beyond the face of the complaint and the documents attached thereto." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). However, there is an exception to this rule when a "plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999); *Brooks*, 116 F.3d at 1368–1369). Here, Tropical Smoothie directly refers to the agreement with Zimmerman in its complaint, the contract is central to Tropical Smoothie's claim, the contents of the contract have not been disputed, and Zimmerman has attached the contract to its motion to dismiss. (*See* Dkt. 77, Ex. A). Additionally, Tropical Smoothie attached Quest's Amended Complaint (Dkt. 11) to its Third-Party Complaint. Therefore, this Court will consider the agreement (Dkt. 77, Ex. A), and Quests Amended Complaint (Dkt. 11) as part of the pleadings in determining Zimmerman's Motion to Dismiss.

### 1. Third-Party Defendant's Motion to Dismiss

#### A. Contractual Indemnity

Zimmerman cites to *Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir. 2009) to argue that the failure to allege negligence, misconduct, or breach of contract requires dismissal. (Dkt. 77 at 6–7). However, Zimmerman misinterprets and misapplies the Eleventh Circuit's holding in

*Gibbs*. In *Gibbs*, the Eleventh Circuit was not concerned with whether or not the complaint failed to allege that the third-party defendant acted with negligence. There, the Eleventh Circuit reversed the erroneous granting of a motion for a directed verdict based on the trial court's improper interpretation of an indemnification provision. *Gibbs*, 810 F.2d at 1533–1534. *Gibbs* is, therefore, factually and procedurally distinguishable. While *Gibbs* may be instructive as to the importance of facts in determining the applicability of an indemnity provision, at this stage of the pleadings it would be inappropriate for the Court to make any specific factual findings. The law established in *Gibbs* cannot be construed in support of a motion to dismiss for failure to state a claim.

In its complaint, Tropical Smoothie asserts that Zimmerman is obligated to defend and indemnify Tropical Smoothie under both the agreement dated June 1, 2010, and Fla. Stat. § 672.312(3). According to the complaint, Zimmerman failed to meet its obligation given that suit has been filed against Tropical Smoothie and Zimmerman refuses to indemnify and defend. (Dkt. 71, ¶ 8–9). Tropical Smoothie does not expressly allege that Zimmerman acted negligently, engaged in misconduct, or breached the June 1, 2010 agreement. Zimmerman argues that the contractual agreement limits indemnification obligations only if it is negligent, engages in misconduct or breaches the contract, and therefore, without expressly alleging negligence, misconduct or breach of contract, that the complaint should be dismissed.

Zimmerman acknowledges that "[the Court] should grant a motion to dismiss unless the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Dkt. 77 at 3–4) (quoting *Iqbal*, 129 S. Ct. at 1949). The Court notes several facts that are important in determining whether to grant Zimmerman's 12(b)(6) motion. First, Tropical Smoothie asserts, and Zimmerman does not

dispute, that the parties entered an agreement in which Zimmerman implemented the advertising campaign. (Dkt. 77 at 6). Second, it is undisputed that Zimmerman provided and operated the website www.summerofwinter.com, which constituted part of the advertising campaign provided by Zimmerman. (Dkt. 71 ¶ 7; Dkt. 77). Third, Tropical Smoothie is alleged to have infringed upon Quest's '731 patent via use of the website www.summerofwinter.com. (Dkt. 11 ¶ 23–25). Finally, Tropical Smoothie stated in its complaint that Zimmerman has failed to meet its obligation under the indemnification provision of the June 1, 2010 agreement. (Dkt. 71 ¶ 8).

Based on the pleadings before the Court, it is reasonable to infer that but for Zimmerman's providing and operating the website, there would be no basis for Quest's underlying patent infringement action. Based on a plain reading of the agreement dated June 1, 2010, Zimmerman is obligated to defend, indemnify and hold harmless Tropical Smoothie arising out of negligence, misconduct or breach of contract by Zimmerman. (Dkt. 77, Ex. A ¶ VIII). For the purposes of this motion, and accepting the allegations of the complaint as true, the facts sufficiently allege that Zimmerman's conduct, in providing something that is alleged to infringe a patent, could plausibly rise to the level of negligence or misconduct contemplated in the parties' agreement.

To establish a claim for breach of contract under Florida law, a plaintiff is required to prove 1) the existence of a contract; 2) a material breach of that contract, and; 3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). The existence of the contract is undisputed. Tropical Smoothie has alleged that Zimmerman is obligated to defend and indemnify under the contract, but has refused. Finally, Tropical Smoothie has shown that it is being sued for patent infringement, and that it may be liable for damages because of Zimmerman's conduct or breach. Although the complaint is minimalistic, a

sufficient factual basis exists for this Court to reasonably infer that Zimmerman may have to indemnify due to a breach of contract. Therefore, as to contractual indemnification, Zimmerman's Motion to Dismiss is denied.

2. *Statutory indemnity*

Zimmerman next claims that Tropical Smoothie's complaint should be dismissed because the statute relied upon, Fla. Stat. § 672.312(3), applies only to the sale of goods and therefore any relief requested cannot be granted because the June 1, 2010, agreement was a contract for services rather than goods. (Dkt. 77 at 8). Tropical Smoothie disputes this, asserting that the contract was a hybrid contract for both goods and services, and thus, Fla. Stat. § 672.312(3) does apply. (Dkt. 79 at 8). Fla. Stat. § 672.312(3) applies only to transactions in goods. *See* Fla. Stat. § 672.102 and § 672.105(1). Because Florida law governs the contract, this Court may apply a predominant factor test to determine whether the contract is one for goods or services. *E. Portland Cement Corp. v. F.L. Smidth Inc.*, 2009 WL 3010820 (M.D. Fla. 2009) (citing *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1329–1330 (11th Cir. 1998)). However, a court should only do this if there is no genuine issue of material fact concerning the contract's provisions. *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1331 (11th Cir. 1998). Otherwise, the determination of whether a contract is predominantly one for goods or services would be a question of fact. *Id.* at 1332.

Having said that, the case at bar is distinguishable from a procedural standpoint from both *Eastern Portland*, 2009 WL 3010820, and *BMC Industries*, 160 F.3d 1322, because the procedural posture of those cases dealt with a ruling on summary judgment. At the pleadings stage, a determination as to whether a genuine issue of material fact exists is an inappropriate consideration under Federal Rule of Civil Procedure 12(b)(6). Therefore, this Court declines to

apply the predominant factor test at this stage of the proceeding. Under this rule, the Court considers only whether a party has stated a claim upon which relief may be granted. Therefore, Zimmerman's Motion to Dismiss is denied.

## II. Third-Party Defendant's Motion to Stay

Alternatively, Zimmerman argues that Tropical Smoothie's Third-Party Complaint should be stayed pending the outcome of the underlying patent infringement action. Zimmerman cites to *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348 (M.D. Fla. 2001) to argue that any alleged duty to indemnify is not ripe for adjudication until Tropical Smoothie is in fact liable in the underlying suit. In *Northland,* the parties sought a declaration of their rights and obligations under an insurance policy. *Northland*, 160 F. Supp. 2d at 1352. There, the defendant was issued general liability policies by the plaintiff. *Id.* The *Northland* plaintiff asked the court to declare that it was not required to indemnify the defendant. *Id.* at 1353. In evaluating the plaintiff's duty to indemnify, the Court noted that because one of the underlying lawsuits "remain[ed] pending," *id.* at 1356, "the issue of [the plaintiff's] duty to indemnify [the defendant] . . . [was] not ripe for adjudication." *Id.* at 1363. The *Northland* court determined that the plaintiff was under no obligation to pay until the resolution of the underlying lawsuits brought those matters within the scope of coverage under the policy. *Id.* at 1364.

*Northland*, however, is distinguishable from the case at bar. The *Northland* court considered an insurer who brought a declaratory judgment action against its insured and the claimant. *See Id.* at 1360. The court expressly contemplated an insurer's obligation to indemnify under a policy of insurance. *See id.* "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Id.* In contrast to *Northland,* the present case involves a

contractual indemnity action in which the main purpose of the contract at issue is not indemnification. Rather, the indemnity provision is incidental to an agreement to provide advertising and digital/interactive services. (*See* Dkt. 77, Ex. A).

"Florida District Courts of Appeal are the law of Florida unless and until overruled by the Florida Supreme Court. Thus, a federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *PureTerra Naturals, Inc. v. Cut Heal Animal Care Products, Inc.*, 2011 WL 1899244 at *4 (M.D. Fla. 2011) (citing *Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp.*, 534 F.Supp.2d 1290, 1303 (S.D. Fla. 2008)) (internal citations and quotations omitted). Florida courts often distinguish between indemnity contracts issued in an insurance context and indemnity provisions that are incidental to a contract, the main purpose of which is not indemnification. *Id. See Westinghouse Elec. Corp. v. Prudential Ins. Co. of Am.*, 547 So.2d 721, 722 (Fla. 1st DCA 1989).

In this case, the distinction between indemnity provisions in an insurance context, as opposed to a noninsurance context, is applicable. In contrast to indemnity contracts issued in an insurance contract, contractual indemnity actions in which the indemnity provision is incidental to a contract can be filed prior to judgment in the underlying case. *BP Prods. N. Am., Inc., v. Giant Oil, Inc.*, 545 F.Supp.2d 1257, 1260 (M.D. Fla. 2008); *Chappell v. Scarborough*, 224 So.2d 791, 796 (Fla. 1st DCA 1969). *Chappell* clarifies that "[w]here, however, the contract is so expressed as to protect the obligee against any claim, suit, or demand, *even the institution of a suit* against the obligee has been held to entitle him to an action against his guarantor." *Id.* at 794 (quotations omitted and emphasis added). Having said that, Zimmerman has failed to present any

evidence that a lack of stay would produce irreparable harm, and has failed to otherwise show that there is a clear and substantial reason to grant the stay. Accordingly, it is

**ORDERED** that Third-Party Defendant's Motion to Dismiss or Alternatively to Stay be **DENIED**, and the Third-Party Defendant has ten (10) days from this date to answer the Third-Party Complaint

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 13th day of November, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record